1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10
11   CAMERON BAKER,                    )   Civil No. 11-CV-2060-BAS (WVG)
                                       )
12                      Plaintiff,     )   ORDER DENYING WITHOUT
     v.                                )   PREJUDICE PLAINTIFF BAKER
13                                     )   AND DEFENDANT ENSIGN'S
     JASON ENSIGN,                     )   JOINT MOTION REGARDING
14                                     )   DEFENDANT ENSIGN'S
                        Defendant.     )   REQUEST TO EXTEND
15   _____ )   DEADLINE FOR EXCHANGE OF
                                       )   EXPERT WITNESS REPORTS AND
16   AND RELATED COUNTER-CLAIM         )   DEADLINE TO COMPLETE
     AND THIRD PARTY COMPLAINT         )   EXPERT DISCOVERY
17                                     )
                                       )   [DOC. NO. 145]
18   _____ )

19   I. **BACKGROUND**

20          On August 4, 2014, counsel for Defendant and Cross-Claimant, Jason Ensign

21   ("Defendant"), notified the Court that some of the parties wanted to request an

22   extension to certain expert discovery deadlines.  Defense counsel informed the Court

23   that the request was joined by some parties, and rejected by other parties.  On August

24   4, 2014, the Court Ordered the parties to file a Joint Statement with the Court by

25   August 8, 2014.  (Doc. No. 142.)  The parties joining in the request were required to

26   explain their reasons for the request, and the parties opposing the request were required

27   to explain their reasons for opposing the deadline extension in the Joint Statement.  Id.

28

                                        1
                                                                          11CV2060

1   The Court limited each party to two pages in the Joint Statement, and noted that no
2   exhibits would be accepted.  Id.

3          On August 8, 2014, in compliance with this Court's Order, Defense counsel
4   filed a Joint Motion of Plaintiff Baker and Defendant Regarding Defendant's Request
5   to Extend the Deadline for the Exchange of Expert Witness Reports and the Deadline
6   to Complete Expert Discovery.  (Doc. No. 145.)  In the Joint Motion, Defendant states
7   that the basis for his request is that his designated expert, Dr. Thomas Streed, was out
8   of town on two trials prior to the August 4, 2014, expert report deadline, and therefore,
9   he was not able to prepare his report.  Id. at 2.  Defendant notes that Dr. Streed was also
10  preparing for two other trials over the next two weeks.  Id.

11  **II. RULING**

12          The Court does not find good cause to grant this request and hereby DENIES
13  the Joint Motion without prejudice for the reasons set forth below.

14          **A. REQUEST IS UNTIMELY**

15          Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court
16  is required to enter a pretrial scheduling order that "must limit the time to join other
17  parties, amend the pleadings, complete discovery, and file motions."  Fed.R.Civ.P.
18  16(b)(3)(A).  The scheduling order "controls the course of the action unless the court
19  modifies it[ ]" and Rule "16 is to be taken seriously."  Rule 16(d); Janicki Logging Co.
20  v. Mateer, 42 F.3d 561, 566 (9th Cir.1994).  As the Eastern District of California has
21  stated, parties must "diligently attempt to adhere to [the court's] schedule throughout
22  the subsequent course of the litigation."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 607
23  (E.D.Cal.1999).  "A scheduling order 'is not a frivolous piece of paper, idly entered,
24  which can be cavalierly disregarded without peril.'"  Johnson v. Mammoth Recreations,
25  Inc., 975 F.2d 604, 610 (9th Cir.1992) (quoting Gestetner Corp. v. Case Equip. Co.,
26  108 F.R.D. 138, 141 (D.Me.1985)).

27          The Court finds Defendant's request to be untimely.  On November 20, 2013,
28  this Court issued a Scheduling Order which set the August 4, 2014, deadline by which

the parties were to provide expert witness reports.[1/]  (Doc. No. 67 at 2.)  The August 4, 2014, deadline was set eight and half months before Defendant's request to continue the deadline, yet Defendant waited until the very day of the deadline to contact the Court and request an extension.

The Court finds it difficult to believe that Defendant was unaware of the roadblocks described in the Joint Motion until the day of the deadline.  Defendant essentially treated the granting of the Joint Motion as a forgone conclusion, the Court's approval being a mere formality in the process.  However, the Court is not a mere rubber stamp, and the Court would be justified in denying the request with prejudice because it was received on the date of the expert report deadline.

### B. NO GOOD CAUSE SHOWN

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party."  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007); citing Johnson, 975 F.2d at 609.  In Johnson, the Ninth circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have

---

[1/] On February 26, 2014, the Court issued an Amended Scheduling Order, which granted Third Party Defendants' request to move the time of the July 25, 2014, Mandatory Settlement Conference ("MSC").  (Doc. No. 75.)  As specified in the Amended Scheduling Order, no other dates were changed.  Id. at 1.  On May 22, 2014, the Court granted Defendant's request to extend the fact discovery deadline to June 6, 2014, for the sole purpose of permitting a non-party to respond to a subpoena served upon it by Defendant.  (Doc. No. 97.)  No other dates were changed.

1    been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling

2    conference ..." Jackson, 186 F.R.D. at 608, emphasis added.

3          Here, the parties have been repeatedly warned that there will be no extensions

4    to the Scheduling Order absent good cause.  See Scheduling Order (Doc. No. 67 at 6)

5    and Amended Scheduling Order (Doc. No. 75 at 6) ("The dates and times set forth

6    herein will not be further modified except for good cause shown.")[2]  The facts provided

7    by Defendant in the instant Joint Motion do not constitute good cause.  Rather, the facts

8    simply demonstrate Defendant's poor planning.  Fact discovery closed on May 23,

9    2014. (Doc. No. 75 at 2.)  Thus, Defendant had the information that Dr. Streed needed

10   to prepare his report more than two months before the report deadline.  Defendant

11   should have exercised due diligence and immediately provided Dr. Streed with the

12   discovery necessary to prepare a report.  This would have allowed Dr. Streed sufficient

13   time to prepare a report before his other obligations became more pressing.

14         In the instant Joint Motion, Third Party Defendants note that the only

15   prejudice that Defendant's request would cause them relates to the limited time

16   _____

17   [2] During a May 6, 2014, telephonic Discovery Conference with Defense counsel and
     counsel for Third Party Defendants regarding subpoenas, Defense counsel noted that

18   the fact discovery deadline was approaching and Plaintiff had recently noticed several
     depositions.  Defendant had also recently noticed several depositions.  The Court noted

19   that the parties had been aware of the fact discovery deadline for months, and stated
     that the deadline would not be extended.  The Court also admonished counsel for

20   waiting until the last minute to notice and conduct depositions. During a May 22, 2014,
     telephonic Discovery Conference with counsel for all parties, the Court granted

21   Defendant's request to extend the fact discovery deadline for the sole purpose of
     permitting a non-party entity to respond to a subpoena.  However, the Court indicated

22   that if the non-party entity objected to or provided responses to the subpoenas that

23   Defendant found to be unsatisfactory, the Court would not entertain any discovery
     disputes because Defendant served the subpoena late in the discovery process. Further,

24   during a June 19, 2014, Discovery Hearing with Defense counsel and counsel for Third
     Party Defendants, the Court stated that "this attitude that the rules of production and the

25   timeliness of production are just mere suggestions, I think is a wrong one." (Doc. No.

26   140 at 28.)

27

28

4

remaining before the deadlines to exchange expert reports and to file pretrial motions. (Doc. No. 145 at 2-3.)  However, "prejudice is not the relevant inquiry.  Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Rogers v. Brauer Law Offices, PLC, 2011 WL 3665346, at *3 (D.Ariz. Aug. 22, 2011); citing Johnson, 975 F.2d at 609.  As stated above, the Court is not a mere rubber stamp, and the parties must show respect for the Court's schedule and its repeated admonishments not to wait until the eleventh hour to complete discovery.

The Court finds that Defendant's justification for his request is devoid of any facts showing his due diligence leading up to this request.  Defendant has failed to explain what he did, or could not do, to meet the expert report deadline.  He has provided vague facts about his expert's availability prior to August 4, 2014, and suggested that Dr. Streed was unavailable for long periods of time due to two trials and preparation for two more trials.  However, Defendant has failed to provide any detailed information about Dr. Streed's period of unavailability, his preparation for trial, or how those obligations impacted his ability to prepare a report on time.  Moreover, Defendant has not provided any information about when he provided discovery to Dr. Streed so that he could prepare a report.

## C. DECLARATIONS REQUIRED

The Court acknowledges that it limited each party to two pages in the Joint Statement requesting an extension of the expert report deadline.  However, in those two pages, Defendant failed to make even a prima facie case of due diligence, or to explain the difficulties of submitting a report on time.  The Court suspects that there is a reason for the absence of supporting facts in that area, but nevertheless, the Court will allow Defendant to re-submit this request along with signed Declarations by both Defense counsel and Dr. Streed.

Each of the signed Declarations shall include the following information:

1. When did Defense counsel engage Dr. Streed as an expert in this case?

11CV2060

2.   What was discussed regarding Dr. Streed's other engagements when Defense counsel engaged him as an expert in this case?

3.   What steps were taken to mitigate those potential scheduling problems?

4.   Was Dr. Streed informed of the Court's expert report deadline of August 4, 2014?

5.   When did Defense counsel provide Dr. Streed with the information that he needed to prepare his report?

Any renewed request by Defendant shall include Declarations with the information noted above, and shall be filed with the Court on or before **August 21, 2014**, at **5:00 p.m.**   If Defendant files a renewed request with Declarations, the Court will potentially reconsider it's denial of Defendant's request to extend the deadline by which to provide expert reports.  Absent a showing that Defendant was diligent in meeting the deadline, the request will remain denied.

In the Joint Motion, Defendant notes that unopened expert reports have been returned to counsel for Third Party Defendants and counsel for Elite Show Services ("Elite").  (Doc. No. 145 at 3.)  Elite is not a party to this action, and the Court assumes that Defendant meant to refer to Plaintiff's counsel.  Third Party Defendants note that, should the Court deny Defendant's instant request, they will promptly re-serve their expert report, which was originally served by mail on August 1, 2014.  Id.

//
//
//
//
//
//
//
//
//

11CV2060

1    If Defendant files a renewed request to continue the expert report date by

2  August 21, 2014, at 5:00 p.m., Plaintiff and Third Party Defendants may continue to

3  hold their expert reports until after the Court issues a ruling on Defendant's renewed

4  request.  If, however, Defendant fails to file a renewed request by the August 21, 2014,

5  deadline, Plaintiff and Third Party Defendants shall re-serve their expert reports on or

6  before **August 25, 2014**.

7  IT IS SO ORDERED.

8  DATED:  August 14, 2014

9

10

11                                 Hon. William V. Gallo
                                    U.S. Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11CV2060