# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON BAKER,<br><br>                Plaintiff,<br><br>v.<br><br>JASON ENSIGN,<br><br>                Defendant.<br><br>AND RELATED COUNTERCLAIM AND THIRD-PARTY COMPLAINT | Case No. 11-cv-2060-BAS(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MR. ENSIGN'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[ECF Nos. 117, 118]** |

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant/Cross-claimant Jason Ensign moves to strike every affirmative defense asserted in Plaintiff/Counter-defendant Cameron Baker's and Third Party Defendants City of San Diego, William Lansdowne, and David Spitzer's respective answers.[1] Mr. Baker and the City Defendants filed oppositions, but Mr. Ensign did not file replies.

---

[1] For the purposes of this order, the Court will refer to Third Party Defendants collectively as the "City Defendants."

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Ensign's motions to strike affirmative defenses.

## I. BACKGROUND[2]

This case involves an incident that occurred on November 29, 2009 at a football game that took place at Qualcomm Stadium. It is alleged that a scuffle ensued after security guards at the game attempted to evict Mr. Ensign for displaying an obscene hand gesture. The security guards took custody of Mr. Ensign and then transferred custody to the San Diego Police Department. Mr. Ensign alleges that he was falsely arrested and battered at Qualcomm Stadium by a team of private security guards.

In connection with this incident, Mr. Ensign was charged with seven crimes involving battery and vandalism. Andres Carnahan and Jonathan Lapin are the prosecutors who handled the case. After a bench trial, all charges against Mr. Ensign were dismissed. The court determined that the San Diego Municipal Code regulating fan behavior at Qualcomm Stadium was unconstitutionally vague, and thus, unenforceable. Subsequently, Mr. Ensign filed a petition for a finding of factual innocence. City Attorney Jan Goldsmith argued against Mr. Ensign's petition. The court found Mr. Ensign to be factually innocent.

On July 2, 2010, Plaintiff/Cross-defendant Cameron Baker filed an action in state court against Mr. Ensign. Thereafter, Mr. Ensign filed a civil-rights cross-complaint and third-party complaint against various third-party defendants, including the City of San Diego. The City of San Diego removed this action to federal court. On March 31, 2014, Mr. Ensign filed a Second Amended Cross Complaint and Second Amended Third Party Complaint against Third Party Defendants City of San Diego, San Diego Police Chief William Landsdowne, and David Spitzer.

---

[2] This brief description of the lawsuit is taken from the magistrate judge's July 3, 2014 order.

## II. LEGAL STANDARD

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006). As a general matter,

> [m]otions to strike affirmative defenses are disfavored. Before a motion to strike defenses may be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed."

*Levin-Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) (quoting *Systems Corp. v. Am. Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973)). Motions to strike must be filed within twenty-one days after the filing of the pleading under attack. Fed. R. Civ. P. 12(f). However, the court may consider an untimely motion to strike if appropriate because a court may act on its own motion. *See id.*

"[T]he Ninth Circuit has directed courts to evaluate the pleading sufficiency of affirmative defenses under the 'fair notice' standard." *Kohler v. Islands Rest., LP*, 280 F.R.D. 560, 565 (S.D. Cal. 2012) (Whelan, J.) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Id.* at 564. "It does not, however, require a detailed statement of facts." *Id.*

Although there is a request that this Court apply the pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "[n]either the Ninth Circuit, nor any other Circuit Court of Appeals, however, has ruled on this issue." *Dodson v. Gold Cnty. Foods, Inc.*, No. 13-cv-336, 2013 WL 5970410, at *2 (E.D. Cal. Nov. 4, 2013).

Regardless, "the Supreme Court's analysis in *Twombly* and *Iqbal* is itself limited to pleadings under Federal Rule of Civil Procedure 8(a)(2)." *Kohler*, 280 F.R.D. at 566. "Rule 8(a)(2) requires that the party stating a *claim* for relief provide 'a short and plain statement of the claim *showing* that the pleader is entitled to relief." *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 8(a)(2)). In contrast, Rule 8(c), which governs defenses, only requires the responding party to "affirmatively state" its defenses. Fed. R. Civ. P. 8(c). That distinction is important because "[f]actual plausibility—which is the key difference between *Twombly*/*Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[]' that it is entitled to relief." *See Kohler*, 280 F.R.D. at 566. "Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* Accordingly, absent further direction, this Court declines to extend the *Twombly*/*Iqbal* pleading standards to affirmative defenses. *See id.*; *see also Dodson*, 2013 WL 5970410, at *2.

## III. DISCUSSION[3]

Mr. Ensign argues that every one of Mr. Baker's and the City Defendants' affirmative defenses must be stricken primarily on two relevant grounds: (1) certain defenses do not meet the fair-notice standard; and (2) other defenses "should be stricken because they are not 'affirmative defenses' at all." An affirmative defense is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). Rule 8(c)(1) contains a non-exclusive list of affirmative

---

[3] The Court recognizes that Mr. Ensign's counsel, Mary Prevost, was not an active member of the California State Bar at the time the motions to strike were filed. Ms. Prevost's actions strongly suggest that she engaged in the unauthorized practice of law. *See* Cal. Bus. & Prof. Code §§ 6125-33.

defenses.

### A. Mr. Ensign's Motion to Strike Mr. Baker's Affirmative Defenses

Mr. Ensign's motion to strike Mr. Baker's affirmative defenses is untimely. On April 24, 2014, Mr. Baker filed his answer containing his affirmative defenses. Mr. Ensign did not file his motion challenging the affirmative defenses until July 3, 2014. Rule 12(f) allows a party to move to strike within twenty-one days after being served with the pleading being challenged. Rule 6(d) provides an additional three days to any limitations period for a motion challenging a pleading that was served electronically. Fed. R. Civ. P. 6(d); *see* Fed. R. Civ. P. 5(b)(2)(E). Consequently, Mr. Ensign effectively had twenty-four days to filed his motion to strike. However, Mr. Ensign did not file his motion to strike until *seventy days* after Mr. Baker's answer was served. Thus, Mr. Ensign's motion is forty-six days late. Regardless, the Court will address the merits of Mr. Ensign's motion. But this order acts as another stern warning to Mr. Ensign and his counsel to abide court orders and relevant rules and statutes.

Most of Mr. Ensign's challenges to Mr. Baker's affirmative defenses are based on the following argument reasserted verbatim throughout the motion: "BAKER has stated no facts or inclination supporting the affirmative defense, and thus has not provided ENSIGN with fair notice of the defense." (*See* Ensign's Mot. (Baker) 8:11–14, 9:24–26, 10:24–26, 12:17–20, 14:1–4, 14:13–15, 14:27–15:1, 15:9–12, 15:25–28, 16:11–14, 16:22–25, 17:20–23, 19:3–6.) That generic argument is used to attack Mr. Baker's Fourth, Seventh, Ninth, Thirteenth, Sixteenth, Eighteenth though Twenty Second, Twenty Fourth, and Twenty Seventh affirmative defenses. (*Id.*) But that argument standing alone is insufficient to satisfy Mr. Ensign's burden to "convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *See Levin-Richmond Terminal*, 751 F. Supp. at 1375. Thus, the Court **DENIES** the motion to strike Mr. Baker's Fourth, Seventh, Ninth, Thirteenth, Sixteenth, Eighteenth through

1 | Twenty Second, Twenty Fourth, and Twenty Seventh affirmative defenses.

Mr. Ensign's challenge to the Tenth affirmative defense contains no argument why it should be stricken, but rather only recites the affirmative defense from Mr. Baker's answer. (Ensign's Mot. (Baker) 10:28–11:8.) And the challenge to the Seventeenth affirmative defense only states the conclusory argument that "BAKER has not provided [Mr. Ensign] with fair notice of the defense. For these reasons, BAKER's seventeenth affirmative defense should be stricken." (*Id.* at 14:5–15.) Mr. Ensign's challenge to Twenty Fifth affirmative defense—which asserts statute of limitations—that it is "not an affirmative defense" and "state[s] no facts or inclination supporting the affirmative defense, and thus BAKER has not provided Ensign with fair notice of the defense" is unavailing. (*Id.* at 17:24–18:11.) Rule 8(c)(1) explicitly states that statute of limitations is an affirmative defense. Mr. Ensign also fails to satisfy his burden in challenging the Tenth, Seventeenth, and Twenty-fifth affirmative defenses. *See Levin-Richmond Terminal*, 751 F. Supp. at 1375. The Court similarly finds that Mr. Ensign fails to satisfy his burden in challenging Mr. Baker's Third and Sixth affirmative defenses. *See id.* Accordingly, the Court **DENIES** the motion to strike Mr. Baker's Third, Sixth, Tenth, Seventeenth, and Twenty Fifth affirmative defenses.

Mr. Ensign also challenges several affirmative defenses on the grounds that they are not affirmative defenses at all. A common attack asserted against these affirmative defenses is that they challenge the sufficiency of a particular claim. However, as Mr. Ensign points out, a Rule 12(b)(6) motion is the proper means of asserting that particular claims are insufficient. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Another common problem for some affirmative defenses is that they merely assert that no law was violated. That line of defenses dispute the validity of allegations in the complaint requiring litigation, which place them outside the definition of an affirmative defense. The Court finds that the following affirmative defenses suffer from the aforementioned problems: the First,

Second, Seventh, Ninth, Fifteenth, and Twenty Third affirmative defenses. Therefore, the Court **GRANTS** the motion to strike Mr. Baker's First, Second, Ninth, Fifteenth, and Twenty Third affirmative defenses, and *sua sponte* strikes the Seventh affirmative defense. *See* Fed. R. Civ. P. 12(f)(1).

Finally, several affirmative defenses merely state a legal principle—such as the doctrine of laches or unclean hands—without any factual assertions or arguments. Though a detailed recitation of facts is unnecessary, some fact or argument must be presented in order for the Court to conclude that the defense asserted is indeed an affirmative defense. A mere reference to a legal doctrine is insufficient notice. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). The following affirmative defenses merely recite legal principles that deprive Mr. Ensign of fair notice: the Fifth, Eleventh, Twelfth, Fourteenth, and Twenty Sixth affirmative defenses. Thus, the Court **GRANTS** the motion to strike Mr. Baker's Fifth, Eleventh, Twelfth, Fourteenth, and Twenty Sixth affirmative defenses.

### B. Mr. Ensign's Motion to Strike City Defendants' Affirmative Defenses

Mr. Ensign's motion to strike the City Defendants' affirmative defenses contains the same arguments asserted against Mr. Baker. Once again, Mr. Ensign asserts the argument that particular affirmative defenses should be stricken because the City Defendants "do not provide facts or inclinations supporting the defense, and thus [the City Defendants] have not provided Ensign with fair notice of the defense." (*See, e.g.*, Ensign's Mot. (City) 7:10–19.) That is the essentially the only argument asserted against the following affirmative defenses: the Sixth through Fourteenth, Twenty Second, Twenty Third, and Twenty Fifth through Thirty First affirmative defenses. (*See id.* at 7:10–10:4, 13:11–14:10, 15:9–17:23.) As the Court discussed above, that argument standing alone is insufficient to satisfy Mr. Ensign's burden to "convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *See*

*Levin-Richmond Terminal*, 751 F. Supp. at 1375. Thus, the Court **DENIES** the motion to strike the City Defendants' Sixth through Fourteenth, Twenty Second, Twenty Third, and Twenty Fifth through Thirty First affirmative defenses.

The following affirmative defenses assert facts and arguments, albeit somewhat bare, that, if true, appear to defeat the Mr. Ensign's claims, even if all the allegations in the complaint are true: the Second through Fourth, Nineteenth through Twenty First, Twenty Fourth, Thirty Second, and Thirty Third affirmative defenses. *See Black's Law Dictionary* (9th ed. 2009) (under definition for "defense"); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). Though the bareness of some of these defenses is a concern, ultimately, striking these affirmative defenses would not be appropriate because Mr. Ensign fails to convince the Court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. *See Levin-Richmond Terminal*, 751 F. Supp. at 1375. In fact, the challenge to the Thirty Third affirmative defense provides no factual or legal justification at all. (Ensign's Mot. (City) 18:8–11.) Therefore, the Court cannot conclude that Mr. Ensign was not given fair notice for these defenses. Consequently, the Court **DENIES** the motion to strike the City Defendants' Second through Fourth, Nineteenth through Twenty First, Twenty Fourth, Thirty Second, and Thirty Third affirmative defenses.

Mr. Ensign also argues that several defenses are not affirmative defenses at all. For example, the City Defendants' First affirmative defense asserts that Mr. Ensign fails to state facts sufficient to constitute a claim, and the Fifth affirmative defense merely denies liability for punitive damages. (City Defs.' Ans. 5:5–8, 20–22.) Challenging the sufficiency of a claim is not an affirmative defense, and the appropriate means of making such a challenge would be either through a Rule 12(b)(6) or Rule 56 motion. Denying liability for punitive damages is also a contested legal issue that does not amount to an assertion of facts or arguments that, if true, despite all allegations against City Defendants being true, would defeat Mr. Ensign's claims. Similarly, the

Twelfth affirmative defense—acting in accordance with a prescribed law—is also not an affirmative defense, but rather a legal issue that needs to be litigated. Lastly, a reservation of rights, whether it is for a jury trial or to seek amendments, as asserted in the Thirty Fourth through Thirty Sixth affirmative defenses, is also not an affirmative defense. Such defects are also found in the Fifteenth through Eighteenth affirmative defenses. Accordingly, the Court **GRANTS** the motion to strike the City Defendants' First, Fifth, Fifteenth through Eighteenth, and Thirty Fourth through Thirty Sixth affirmative defenses, and *sua sponte* strikes the Twelfth, Twenty Seventh, and Twenty Eighth affirmative defenses. *See* Fed. R. Civ. P. 12(f)(1).

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Ensign's motions to strike affirmative defenses. Furthermore, unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak*, 607 F.2d at 826; *see also* Fed. R. Civ. P. 15(a)(2). Therefore, the Court **GRANTS** Mr. Baker and the City Defendants leave to file an amended answer in order to revise any affirmative defenses so that they are consistent with this order. If they choose to do so, Mr. Baker and the City Defendants must file their amended answer no later than **September 8, 2014**.

**IT IS SO ORDERED.**

**DATED: August 20, 2014**

_____
**Hon. Cynthia Bashant**
**United States District Judge**