1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   CAMERON BAKER,                           Case No. 11-cv-2060-BAS(WVG)

12              Plaintiff/Counter-defendant,    **ORDER:**

13        v.                                    **(1)  DENYING MR. BAKER'S
                                                      MOTION FOR ATTORNEY'S
14                                                    FEES AND COSTS; AND**
     JASON ENSIGN,
15                                              **(2)  DENYING MR. ENSIGN'S
                Defendant/Counter-claimant.           MOTION TO RE-TAX
16                                                    COSTS**

17   AND RELATED COUNTERCLAIM             **[ECF Nos. 180, 188]**
     AND THIRD-PARTY COMPLAINT
18

19        On September 23, 2015, the Court entered judgment against Jason Ensign and

20   in favor of Cameron Baker in addition to the City of San Diego, William Lansdowne,

21   and David Spitzer ("City Defendants"). Thereafter, on City Defendant submitted a

22   bill of costs requesting $6,250.48. Following a hearing, the Clerk of the Court taxed

23   costs in favor of City Defendants and against Mr. Ensign in the amount of $4,005.14.

24        Now pending before the Court is Mr. Baker's motion for attorney's fees and

25   costs under 28 U.S.C. § 1988, and Mr. Ensign's motion to re-tax costs under Federal

26   Rule of Civil Procedure 54(d). Both motions are opposed. For the following reasons,

27   the Court **DENIES** both motions.

28   //

## I.     Mr. Baker's Motion for Attorney's Fees and Costs

### A.     Attorney's Fees

"A prevailing party may be awarded reasonable fees in relation to the prosecution of a federal civil rights claim." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005); *see also* 28 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section [1983 of this title] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee[.]"). However, "[a] prevailing defendant may recover an attorney's fee *only* where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Henley v. Eckerhart*, 461 U.S. 424, 429 (1983) (emphasis added) (citing *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). In other words, for defendants to prevail, they must show that the plaintiff's action was "meritless in the sense that it is groundless or without foundation. *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004). But defendants are not required to show subjective bad faith on the part of the plaintiff. *Christiansburg Garment*, 434 U.S. at 421 ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). They need only show that the civil-rights claims were frivolous. *Id.*

"A frivolous case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003). "The case is frivolous when the [plaintiff's] position was foreclosed by binding precedent or so obviously wrong as to be frivolous." *Id.* In determining whether this standard has been met, the district court must assess the claim at the time the complaint was filed, and avoid "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Warren v. City of Carlsbad*, 58

1   F.3d 439, 444 (9th Cir. 1995).

2          Mr. Ensign presents several reasons why Mr. Baker is not entitled to attorney's

3   fees. They all lack merit. The argument that "it is against public policy to assess fees

4   and costs in a federal civil rights case because to do so has a chilling effect on victims

5   who bring such actions to light" is especially egregious. (Baker Opp'n 2:4-9.) United

6   States Supreme Court and Ninth Circuit precedent unequivocally permit prevailing

7   defendants to pursue of attorney's fees under to 28 U.S.C. § 1988(b) in civil-rights

8   actions under certain circumstances. *See Henley*, 461 U.S. at 429; *Manchester*

9   *Farming*, 315 F.3d at 1183.

10         The circumstances that permit a prevailing defendant to pursue attorney's fees

11  in civil-rights action require a determination that "the suit was vexatious, frivolous,

12  or brought to harass or embarrass the defendant." *Henley v. Eckerhart*, 461 U.S. at

13  429. Mr. Baker fails to carry that threshold burden. He takes that threshold burden

14  for granted. Mr. Baker does not describe Mr. Ensign's civil-rights action as

15  vexatious, frivolous, or "brought to harass or embarrass the defendant" anywhere in

16  his motion or reply brief. In fact, none of these categories is mentioned even once in

17  Mr. Baker's moving papers.

18         Reviewing the history of this action despite Mr. Baker's failure, the Court

19  nonetheless cannot conclude that Mr. Ensign's civil-rights claims were frivolous such

20  that his "position was foreclosed by binding precedent or so obviously wrong[.]" *See*

21  *Manchester Farming*, 315 F.3d at 1183. That is particularly true when assessing the

22  civil-rights claims "at the time the complaint was filed." *See Warren*, 58 F.3d at 444.

23  Consequently, the Court **DENIES** Mr. Baker's request for attorney's fees.[1]

24

25         _____

        [1] Even if the Court reached the merits of Mr. Baker's request for attorney's fees, the fee
26  records provided are in the form of "block billing," the practice of lumping together multiple tasks,
    making it impossible to evaluate their reasonableness. *Welch v. Metropolitan Life Ins. Co.*, 480
27  F.3d 942, 948 (9th Cir. 2007) (citing *Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C.
    Cir. 2004)). Where a fee applicant engages in block billing, it is "reasonable for the district court
28  to conclude that [the applicant] failed to carry [his] burden [of documenting the appropriate hours
    expended], because block billing makes it more difficult to determine how much time was spent on

## B.    Costs

An award of taxable costs for a prevailing party in federal district court is governed by Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.1. Fed. R. Civ. P. 54(d); Civ. L.R. 54.1; *see also Champion Produce, Inc. v. Ruby Robinson, Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *RD Legal Funding, LLC v. Erwin v. Balingit, LLP*, No. 08CV597-L(RBB), 2011 WL 90222, at *4 (S.D. Cal. Jan. 10, 2011) (Lorenz, J.). "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce*, 342 F.3d at 1022.

The procedure for seeking costs is as follows: "Within fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law, and who claims costs, must file with the clerk the bill of costs, together with a notice of when the clerk will hear the application." Civ. L.R. 54.1(a); *see also* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice). In other words, "a bill of costs is to be decided in the first instance by the Clerk of the Court[.]" *D.light Design, Inc. v. Boxin Solar Co., Ltd.*, No. 13-cv-05988-EMC, 2015 WL 7731781, at *6 (N.D. Cal. Dec. 1, 2015) (citing Fed. R. Civ. P. 54(d)(1)); *see also Zopatti v. Rancho Dorado Homeowners Ass'n*, No. 10CV1091 DMS(WVG), 2012 WL 92338, at *1 (S.D. Cal. Jan. 10, 2012) (Sabraw, J.) ("Taxable costs are taxed by the Clerk rather than the Court.").

There is no indication that Mr. Baker filed a bill of costs with the Clerk of the Court as required by Rule 54(d)(1) and Civil Local Rule 54.1(a). Though Mr. Baker filed his motion for attorney's fees and costs on the fourteenth day following entry of judgment, there is no bill of costs attached to or referenced in the motion. Rather, on October 29, 2015—which is 36 days after entry of judgment—Mr. Baker filed a "supplemental declaration" that had attached to it a bill of costs. (Crook

---

particular activities." *Id.*

Supplemental Decl. Ex. 2, ECF No. 187.) Moreover, Mr. Baker fails to provide any legal authority permitting the Court to override the procedures established by the Federal Rules of Civil Procedure and the Civil Local Rules.

Based on Mr. Baker's procedural deficiencies in requesting costs coupled with his failure to address these deficiencies in his moving papers, the Court **DENIES** Mr. Baker's request to tax costs. *See* Fed. R. Civ. P. 54(d); Civ. L.R. 54.1(a).

## II.   Mr. Ensign's Motion to Re-Tax Costs

"A review of the decision of the clerk in the taxation of costs may be taken to the court on motion to re-tax by any party in accordance with Rule 54(d), [the Federal Rules of Civil Procedure], and Civil Local Rule 7.1." Civ. L.R. 54.1(h). "A motion to retax must particularly specify the ruling of the clerk excepted to and no others will be considered at the hearing, except that the opposing party may, within (3) days of services of the motion to retax, file a cross-motion to retax." Civ. L.R. 54.1(h)(2).

Rule 54(d)(1) provides that costs other than attorney's fees should be allowed to the prevailing party unless a federal statute, the Rules of Civil Procedure, or a court order provide otherwise. Rule 54(d) also "creates a presumption for awarding costs to costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

In the civil-rights context, "[a] district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000). The Ninth Circuit has approved several reasons for refusing to award costs to a prevailing party, such as "the losing party's limited financial resources" and "misconduct on the part of the prevailing party." *Id.* at 592. It has also "held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on future civil rights litigants." *Id.* (citing *Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1079-80

1  (9th Cir. 1999), *cert. denied,* 528 U.S. 1022 (1999)).

2      Mr. Ensign requests that the bill of costs be "denied in its entirety,"
3  emphasizing that his exercise of First Amendment rights "is of great public
4  importance" and not re-taxing costs "would have a chilling effect on other victims."
5  (Ensign's Mot. 4:1-4.) Mr. Ensign is not wrong that the exercise of one's
6  constitutional rights is vital to every citizen in our republic. But he overstates the
7  importance of his case in protecting such rights.

8      In the Second Amended Cross Complaint and Second Amended Third Party
9  Complaint, Mr. Ensign makes numerous references to the First Amendment and, to
10 a much lesser extent, free speech. But he never specifies the substance of the speech
11 that was allegedly protected. Evidence later submitted demonstrates that the speech
12 in question consisted of belligerent obscenities and gestures directed at other
13 spectators in the stadium and security guards, including Mr. Baker, creating an unsafe
14 environment. (September 22, 2015 Order 4:10-8:12.) Courts have repeatedly held
15 that curtailing speech when faced with legitimate safety concerns do not rise to the
16 level of a constitutional violation. *See Kubanyi v. Covey*, 391 F. App'x 620, 621 (9th
17 Cir. 2010) (holding that plaintiff's First Amendment right to free speech was not
18 violated because officers arrested him to ensure safety in face of plaintiff's disorderly
19 conduct, not in retaliation for his speech); *Dietrich v. John Ascuaga's Nugget*, 548
20 F.3d 892, 896, 900-02 (9th Cir. 2008); *Long Beach Area Peace Network v. City of*
21 *Long Beach*, 522 F.3d 1010, 1027 (9th Cir. 2008) (approving ordinance giving
22 officials the discretion to "restrict[ ] events to city sidewalks, portions of a city street,
23 or other public right-of-way," but only when such restrictions are "necessary to . . .
24 protect the safety of persons and property and to control vehicular and pedestrian
25 traffic" (internal quotation marks omitted) (emphasis altered)). Consequently, based
26 on the circumstances of this case, the Court cannot conclude that imposing costs on
27 Mr. Ensign would have a chilling effect on future civil-rights litigants.
28 //

1    Mr. Ensign also argues that he has limited financial resources, referring to his

2   previous employment as a licensed nurse, earning approximately between $30 and

3   $35 per hour, and being unable to later find work because of the misdemeanor battery

4   charges pending against him. The only evidentiary support provided is Mr. Ensign's

5   deposition testimony from May 2014. (Ensign's Mot. Ex. A.) However, nothing

6   provided by Mr. Ensign demonstrates that he has limited financial resources at this

7   time. There are no indications that Mr. Ensign is currently unemployed, heavily in

8   debt as a result of this lawsuit, or has no savings. Even if the May 2014 deposition

9   testimony was relevant to Mr. Ensign's current circumstances, it merely suggests that

10   a single employer terminated Mr. Ensign as a result of the pending charges. (*See*

11   Ensign Dep. 152-53.) There are clearly no pending charges now, as Mr. Ensign has

12   repeatedly emphasized that he obtained a finding of factual innocence, and there is

13   no indication that he was precluded from finding employment elsewhere. Therefore,

14   Mr. Ensign fails to demonstrate that he currently has limited financial resources.

15    Because Mr. Ensign fails to demonstrate that taxing costs would have a chilling

16   effect on future civil-rights litigation and that he has limited financial resources, and

17   because he also fails to challenge the Clerk of the Court's ruling to tax costs with

18   sufficient particularity, he fails to rebut the presumption in favor of taxing costs to

19   the prevailing party, City Defendants. *See* Fed. R. Civ. P. 54(d); Civ. L.R. 54.1(h).

20   Accordingly, the Court **DENIES** Mr. Ensign's motion to re-tax costs.

21

22   **III.   Conclusion & Order[2]**

23    In light of the foregoing, the Court **DENIES** Mr. Baker's motion for attorney's

24

25    [2] Mr. Ensign also argues both in opposing Mr. Baker's motion for attorney's fees and in his
26   motion to re-tax costs that the Court should stay the execution of imposing costs pending the
      outcome of his appeal. (Ensign's Opp'n 6:10-7:2; Ensign's Mot. 5:7-21.) On April 1, 2016, the
27   Ninth Circuit issued an order noting that Mr. Ensign's counsel "failed to perfect the appeal as
      prescribed by the Federal Rules of Appellate Procedure," and dismissing the appeal for "failure to
28   file the opening brief" pursuant to Ninth Circuit Rule 42-1. (ECF No. 195.) With the dismissal of
      the appeal, Mr. Ensign's request to stay pending the outcome of the appeal is moot.

1   fees and costs (ECF No. 180), and **DENIES** Mr. Ensign's motion to re-tax costs (ECF

2   No. 188).

3       **IT IS SO ORDERED.**

4

5   **DATED:  May 4, 2016**

6                                          **Hon. Cynthia Bashant**
                                           **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28